

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KELLY JO BAUDER,<br><br>            Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY;<br><br>            Defendant. | 4:13-CV-04111-LLP<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

## BACKGROUND

Pending is the parties' stipulated motion for an award of attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA). Docket 23. The parties agree Plaintiff will receive attorney fees in the amount of $7,500.00, sales tax in the amount of $450.00, and postage expenses in the amount of $18.33 under the EAJA, for a total of $7,968.33 in expenses. Defendant also agrees to pay Plaintiff $400.00 in costs for the filing fee. There is a distinction between "expenses" under the EAJA, which are paid by the Agency funds, and "costs," which are paid by the Judgment fund. See 28 U.S.C. §§ 2412(c)(1), 2412(d)(2)(A), 2412(d)(2)(4) and 2414. The parties have stipulated that Plaintiff assigned her right to EAJA fees to her attorney.

## ORDER

It is ORDERED that pursuant to the parties' stipulated motion (Docket 23) the Commissioner shall pay to Plaintiff reasonable attorney fees in the

amount of $7,500.00, sales tax in the amount of $450.00, and postage expenses in the amount of $18.33 under the EAJA, for a total of $7,968.33 in expenses. It is further ORDERED Defendant shall pay plaintiff costs in the amount of $400.00.

It is further ORDERED that payment of this compromise settlement shall constitute a complete release and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. This EAJA award is without prejudice to the rights of Plaintiff's attorney to seek attorney fees pursuant to the Social Security Act 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of EAJA.

It is further ORDERED that the above costs and fees should be paid to the Plaintiff pursuant to Astrue v. Ratliff, 130 S.Ct. 2521, 2538-39 (2010). In the event it is determined upon effectuation of the court's EAJA fee Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program[1], however, the Commissioner has agreed to waive the requirements of the Anti-Assignment act.[2] In that case, the funds shall be paid directly to the Plaintiff's attorney pursuant to the parties' Stipulated Motion (Docket 23) which has been filed with the Court.

DATED this 18th day of March, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

---

[1] 31 U.S.C. § 3716(c)(3)(B).
[2] 31 U.S.C. § 3727.

2